41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel BALLESTEROS, Defendant-Appellant.
 No. 93-50783.
 United States Court of Appeals, Ninth Circuit.
 Withdrawn from Submission Sept. 12, 1994.
Resubmitted* Oct. 20, 1994.
Decided Nov. 10, 1994.
 
 Before: D.W. NELSON, NORRIS, and BOGGS**, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Defendant-Appellant Samuel Ballesteros ("Ballesteros") appeals his conviction following a conditional guilty plea to unlawful importation of heroin, 21 U.S.C. Sec. 952(a). Ballesteros contends that the district court erred in holding that United States customs inspectors had "reasonable suspicion" to believe that he was an alimentary canal smuggler, and to detain him for a monitored bowel movement. Ballesteros also contends that the district court's finding that he consented to a rectal examination and the application of a local anesthetic, was clearly erroneous.
 
 
 3
 We affirm the district court's decision.
 
 
 4
 I. "REASONABLE SUSPICION"
 
 
 5
 Whether there was reasonable suspicion that Ballesteros was an alimentary canal smuggler is a mixed question of law and fact, which this court reviews de novo. See United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 6
 Ballesteros' argument that customs inspectors must have had a "particularized and objective basis for suspecting" that he was smuggling something in his alimentary canal, is without merit. In this court's recent decision in United States v. Gonzalez-Rincon, No. 93-50603, slip op. (9th Cir. Sep. 27, 1994), where the defendant argued that customs inspectors needed additional factors to create a reasonable suspicion that she was smuggling narcotics in her alimentary canal, we determined that "[a]lthough possession of certain paraphernalia or other indications of internal smuggling are persuasive factors, they are not necessary to support reasonable suspicion of alimentary canal smuggling." Id. at 11614-65 (emphasis added). Once an experienced customs officer reasonably suspects that a traveler is smuggling narcotics, failure to find that he is carrying the drugs externally may give rise to suspicion that he is carrying them in his rectum or alimentary canal. Id. at 11615 (internal citations omitted).
 
 
 7
 Our holding in Gonzalez-Rincon is controlling in the instant matter. Accordingly, we affirm the district court's finding that there was reasonable suspicion to detain Ballesteros for a monitored bowel movement.
 
 II. CONSENT
 
 8
 The district court's determination that Ballesteros consented to a search is a factual determination, which this court reviews for clear error. United States v. Shaibu, 920 F.2d 1423 (9th Cir.1990).
 
 
 9
 According to Ballesteros, the district court based its credibility finding on several factors: (1) Ballesteros testified that he did not know that he could refuse to consent to a rectal exam (but the judge noted that he had refused x-ray examinations many times); (2) he stated that the customs inspector spoke to him in English, but used a dictionary (the judge noted that if the inspector was speaking in English, he would not need to use a dictionary); (3) the court found that the customs inspector was more credible than Ballesteros.
 
 
 10
 We defer to the findings of fact and credibility made by the district court judge, and hold that his finding that Ballesteros consented to a rectal examination and local anesthetic was not clearly erroneous. Anderson v. City of Bessemmer, 470 U.S. 564, 573-75 (1985).
 
 
 11
 Accordingly, we affirm the conviction of Samuel Ballesteros.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3